WO                                                                                                              MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Benny Trejo,

             Plaintiff,

vs.

Warden Tresa Schroeder, et al.,

             Defendants.

No.   CV 14-01282-PHX-SPL (BSB)

**ORDER**

      Plaintiff Benny Trejo, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a Complaint (Doc. 1).

      "[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However, the right of access to the courts is "not absolute or unconditional in the civil context."  *Taylor v. Delatoore*, 281 F.3d 844, 848 (9th Cir. 2002).  Every paper filed with a court requires the expenditure of some of the court's limited judicial resources.  *In re McDonald*, 489 U.S. 180, 184 (1989).  When a court is forced to devote its limited judicial resources to processing repetitious and frivolous cases, the "goal of fairly dispensing justice . . . is compromised."  *In re Sindram*, 498 U.S. 177, 179-80 (1991).  The court's ability to ensure the administration of justice for **all** litigants is endangered by the abusive conduct of a few.

      Congress, in enacting the Prisoner Litigation Reform Act (PLRA), provided the federal courts with a means of relieving a "civil justice system overburdened by frivolous prisoner lawsuits," 141 Cong. Rec. S14408-01 (daily ed. Sept. 27, 1995) (statement of

**JDDL-K**


Sen. Hatch), and reducing "the number of nonmeritorious actions brought by prisoners for whom litigation was a costless pastime." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court has reviewed Plaintiff's Complaint. It is virtually identical to a Complaint previously filed by Arizona Department of Corrections inmate Dale Maisano and summarily dismissed by the Court. Like inmate Maisano's document, the Complaint is a single page, is not filed on the required court-approved form, and is not accompanied by either an Application to Proceed *In Forma Pauperis* or the $350.00 filing fee and $50.00 administrative fee. Indeed, it appears Plaintiff's Complaint was written by inmate Maisano and Plaintiff simply replaced inmate Maisano's name and signature with his own. For these reasons, the Court finds Plaintiff's Complaint is frivolous.[1] *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").

This Order serves as notice of the Court's intent to dismiss Plaintiff's Complaint and this lawsuit as frivolous. The Court will permit Plaintiff an opportunity to show cause in writing why the Court should not dismiss the Complaint and this lawsuit as frivolous. Plaintiff's response to this Order **shall be limited to this issue** and shall be filed within **20 days** of the date this Order is filed. If Plaintiff fails to timely respond to this Order or fails to persuade the Court that the Complaint and lawsuit should not be

---

[1] Because of the frivolous nature of this action, the Court has directed the Clerk of Court to docket only the name of the first named Defendant in this case because entering onto the docket all of the Defendants named in the Complaint needlessly wastes the Court's limited resources. The Clerk of Court will make a notation on the docket that the list of defendants on the docket sheet is only a partial list.

1  dismissed as frivolous, the Court will issue an Order dismissing the Complaint and
2  lawsuit as frivolous.

3  Plaintiff is cautioned that a case that is dismissed as frivolous may count as a
4  "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes
5  provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma*
6  *pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while
7  incarcerated or detained in any facility, brought an action or appeal in a court of the
8  United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
9  state a claim upon which relief may be granted, unless the prisoner is under imminent
10 danger of serious physical injury."  28 U.S.C. § 1915(g).  Moreover, the Court can
11 impose additional sanctions, **including monetary sanctions**, on abusive litigants.

12 **IT IS ORDERED:**

13 (1) Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **20 days** of
14 the date this Order is filed, why his Complaint and this lawsuit should not be dismissed as
15 frivolous.  **Plaintiff's written response shall be limited to this issue only**.

16 (2) If Plaintiff fails to file a response to this Order to Show Cause within **20**
17 **days** of the date this Order is filed or fails to persuade the Court that the Complaint and
18 lawsuit should not be dismissed as frivolous, the Court will dismiss the Complaint and
19 this lawsuit as frivolous and will direct the Clerk of Court to enter judgment accordingly.

20 Dated this 23rd day of June, 2014.

Honorable Steven P. Logan
United States District Judge